**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JASMINE EDWARDS,

          Plaintiff,

 v.                5:18-CV-1153
                   (DNH/ATB)
VANESSA BOGAN,

          Defendant.

---

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the Court a civil rights[1] complaint filed by pro se plaintiff Jasmine Edwards, together with a motion to proceed in forma pauperis ("IFP").[2] (Dkt. Nos. 1, 2).

**I. In Forma Pauperis ("IFP") Application**

A review of plaintiff's IFP application shows that she declares she is unable to pay the filing fee. (Dkt. No. 2). The court finds for purposes of this recommendation, that plaintiff meets the financial criteria for IFP status.

In addition to determining whether plaintiff meets the financial criteria to

---

[1] It is unclear what plaintiff asserts as a basis for jurisdiction. A review of her Civil Cover Sheet states that this is case is based on Federal Question Jurisdiction under 28 U.S.C. § 1331. However, plaintiff also alleges that this is a "Contract" action. (Dkt. No. 1-1). However, plaintiff also states in a section entitled "Cause of Action," that she is alleging "Corrupt Organizations." Under "Brief description of cause," plaintiff states "Misleading Facts, false imprisonment." The court has liberally interpreted this action as a civil rights case under 42 U.S.C. § 1983.

[2] The court notes that plaintiff filed a second action at the same time as the instant complaint. *Edwards v. Walsh et al.*, 5:18-CV-1155 (GLS/TWD). The case may or may not relate to the same incidents as in this action. However, plaintiff has named different defendants.

proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. Complaint

Plaintiff's complaint is almost impossible to understand. The court has reviewed the complaint and the attached exhibits and has attempted to interpret what plaintiff is attempting to claim.[3] It appears that plaintiff is suing Syracuse City Court Judge Vanessa Bogan for her conduct during plaintiff's criminal proceedings in 2013.[4] (Complaint ("Compl.") (Dkt. No. 1). Plaintiff states that

> 1) Defendant Vanessa E. Bogan neglected to justify the arraignments of performance duties. The action of Vanessa Bogan are [sic] having the authority to perform arraignments to discover a negotiation. The inaction's [sic] of Vanessa Bogan are the assertion of the established agreement entered by the placement of plaintiff Jasmine Edwards. Which violated plaintiff Jasmine Edwards right to a fair trial and due process of law.
>
> The alleged act of misconduct of Defendant Vanessa E. Bogan is defendant mismanaged plaintiff Jasmine Edwards accuser specific behaviors during the response of the alleged incident which the defendant Vanessa E. Bogan intentionally calculated to the courts as a related awareness. . . . [The] people who participated in the misconduct were the

---

[3] Pro se pleadings must be read to raise the strongest arguments that they suggest. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

[4] Plaintiff states that the "misconduct occurred on , [sic] 2013." (Compl. at p.2).

3

> prosecution [sic] of the case and the awarded attorney on
> behalf of plaintiff Jasmine Edwards. . . . [T]he connection
> between the misconduct and the cause of action is an inquired
> performance of delude.

(Compl. at 2).[5] Plaintiff seeks substantial monetary relief, and she seeks the "misdemeanor removed from [her] arrest record" and she seeks to "have the resisting arrest removed from her arrest record." (*Id.*)

Plaintiff's exhibits are records from the Syracuse City Court, detailing plaintiff's 2013 charges and an arrest record that appears to be dated August 20, 2013. (Compl. at 4-6). The records indicate that plaintiff was arraigned[6] for criminal contempt, second degree. (Compl. at 4). The record states that these charges are "sealed." (*Id.*) These charges were dismissed in the interests of justice, and plaintiff pled guilty to resisting arrest. According to the records, she was sentenced to one year imprisonment.[7]

The second attached court record states that plaintiff was arraigned for criminal possession of a weapon with intent to use, fourth degree and petit larceny. (Compl. at 5). Once again, the record indicates that these charges are "sealed." (*Id.*) The first two charges were dismissed in the interest of justice, and plaintiff pled guilty to menacing, second degree, and received a "conditional discharge." (*Id.*) The incident date is listed as November 26, 2013. (*Id.*) A review of these records, together with plaintiff's vague statements, leads this court to believe that plaintiff may be arguing that Judge Bogan

---

[5] Plaintiff has not numbered the pages of her complaint. The court will cite to the pages of plaintiff's complaint as assigned by the court's electronic filing system ("CM/ECF").

[6] The document lists these as "Arraignment Charge[s]."

[7] The records indicate that the "incident date" for resisting arrest was March 29, 2013. (Compl. at 4). The records also list the resisting arrest as the "conviction charge." (*Id.*)

4

arraigned plaintiff on more serious charges so that she would plead guilty to lesser charges, and that the judge, the prosecutor, and defense attorney were all involved.[8] There appear to be two different incident dates, and it is unclear if the charges were related.

### III. Judicial Immunity

#### A. Legal Standards

With minor exceptions, judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity has been created for the public interest in having judges who are "at liberty to exercise their functions with independence and without fear of consequences." *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004). Judicial immunity applies even when the judge is accused of acting maliciously or corruptly. *Imbler v. Pachtman*, 424 U.S. 409, 419 n.12 (1976) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Judicial immunity is immunity from suit, not just immunity from the assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The only two circumstances in which judicial immunity does not apply is when he or she takes action "outside" his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 11-12.

Injunctive relief against judges is also barred "unless a declaratory decree was violated or declaratory relief was unavailable." *Bobrowski v. Yonkers Courthouse*, 777

---

[8] However, the arrest record that plaintiff has attached indicates that plaintiff was arrested for criminal contempt and resisting arrest. She pled guilty only to the resisting arrest charge. (Compl. at 6).

5

F. Supp. 2d 692, 711 (S.D.N.Y. 2011) (citing inter alia *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (per curiam)). Although fairness and injustice may result on occasion, a judicial officer must be free to act on his or her own convictions in exercising the authority vested in him or her, "without apprehension of personal consequences. . . ." *Id.* (citing inter alia *Mireles*, 502 U.S. at 10).

Whether an act by a judge is a "judicial one" relates to the "nature of the act itself" - whether it is a function that is necessarily performed by a judge. *Id.* (citing *Stump v. Sparkman*, 436 U.S. 349, 362 (1978)). The parties must have dealt with the judge in his or her "judicial capacity." *Id.* The court acts in "absence of all jurisdiction" when "it does not have any statutory or constitutional power to adjudicate the case." *Id.* (citing *Gross v. Rell*, 585 F.3d 72, 84 (2d Cir. 2009)). The judge will not be deprived of absolute immunity if he or she takes action that is merely "in excess" of his or her authority. *Id.* (citing *Mireles*, 502 U.S. at 12-13).

**B.     Application**

In this case, the only defendant is City Court Judge Bogan. Even though the complaint is almost impossible to understand, plaintiff alleges only actions that the judge took during, and related to, the prosecution of plaintiff's criminal cases. As such, defendant is entitled to absolute immunity no matter what actions she took or when she took them. There is no indication, nor does plaintiff claim, that the judge's action were "in absence" of jurisdiction. Arraignments and other proceeding on misdemeanor criminal matters are within the jurisdiction of a Syracuse City Court Judge, and there is no claim otherwise. Thus, the case must be dismissed against Judge Bogan.

## IV. Injunctive Relief

### A. Legal Standards

When an individual seeks injunctive relief, challenging the fact of his conviction or the duration of his sentence, "section 1983 must yield to the more specific federal habeas statute."[9] *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). "Such claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983 in the first instance." *Id.* This is true, notwithstanding the literal applicability of section 1983. *Id.* However, in order to file a petition for habeas corpus, the individual must still be in custody on the conviction that she wishes to challenge at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).

### B. Application

In her "relief" section, in addition to asking for 130 million dollars, plaintiff also requests that the "misdemeanor" be "removed" from her arrest record and that the "resisting arrest" charge "removed" from her arrest record. In order to "remove" a charge from plaintiff's record, she would have to challenge the conviction itself. The court notes that, according to the records submitted by plaintiff, on November 26, 2013, she was sentenced to one year imprisonment on the resisting arrest charge. (Compl. at 4). The records also indicate that on January 13, 2013, plaintiff was sentenced to one

---

[9] 28 U.S.C. § 2254.

year conditional discharge on the menacing charge. (Compl. at 5). Plaintiff filed this action on September 25, 2018. (Dkt. No. 1). It is unlikely that plaintiff is still in custody on either of the charges for which she pled guilty in 2013 and 2014. Plaintiff could not bring a habeas petition to challenge either of the convictions. Thus, to the extent that plaintiff wishes this court to expunge her records, there is no jurisdiction under either section 1983 or the habeas statute 28 U.S.C. § 2254.

V.    **Opportunity to Amend**

    A.    **Legal Standards**

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

    B.    **Application**

In this case, the court finds that any attempt by the plaintiff to amend this complaint would be futile. Plaintiff may not sue Judge Bogan in connection with actions that she took as a judge in plaintiff's criminal case, no matter how improper plaintiff believes them to have been. None of the exceptions to absolute immunity exist. Thus, it would be futile to allow plaintiff to amend her complaint with respect to claims against Judge Bogan.

To the extent that plaintiff seeks to challenge her criminal convictions, she may not do so in a civil rights action. Plaintiff does not appear to be in custody for either of the convictions that she is attempting to challenge, so a challenge under the habeas

8

statute would likely also be precluded. In any event, Judge Bogan would not be the proper respondent in a habeas petition, which would normally be brought against the plaintiff's "custodian" under section 2254. 28 U.S.C. fol. § 2254, Rule 2.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that this action be **DISMISSED SUA SPONTE WITH PREJUDICE** based on judicial immunity and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii), and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: September 27, 2018

_Andrew T. Baxter_
Hon. Andrew T. Baxter
U.S. Magistrate Judge